EDWARD COOPER, JR., Respondent, v. GREYHOUND BUS CORPORATION et al., Appellants.

Third Department, May 23, 1961.

*Cook & Cook* (*Francis X. Tucker* and *Vernon Murphy* of counsel), for appellants.

*Roy L. Featherstone* for respondent.

BERGAN, P. J. Although the summary judgment may offer expansive future opportunity to dispose of negligence in a mass of personal injury litigation falling into a common pattern where there is not much real question of responsibility, its usefulness under the present practice is sharply circumscribed.

When we read rule 113 of the Rules of Civil Practice the way it is now written it permits summary judgment only where the

showing is so clear that there is nothing left in the case to be tried out. To decide that question, the record must be looked at most favorably to the factual showing of the party asserting a right to trial.

The test established by the rule is that there is "no defense" or, conversely, that the action has "no merit"; and the motion for judgment must be denied if any party shows "facts sufficient to require a trial of any issue of fact" (rule 113, subd. 2, as amd. March 1, 1959).

Where there is a dispute as to how an accident happened, and, if it happened the way defendant says it did, he might not be negligent, it would be rather clear that the court would not be sufficiently advised to rule that there is "no defense"; and would be required to hold, on such a showing by defendant's proof on the motion, that the facts were "sufficient" to "require" a trial.

What adds both to the intrinsic procedural difficulty of summary judgment and to some of the confusion in dealing with the device in negligence actions is that, even where there is no dispute about how an accident occurred, the presence or absence of negligence often remains a question of fact which requires a trial under traditional principles of the law of negligence.

Every foot of the way, and every second of time, as two vehicles approach an intersection to collide may, for example, be so established and even documented as to put beyond argument how an accident occurred; but there may still be a "triable issue" on negligence, i.e., on the established facts, would the prudent and careful driver on the right have yielded rather than seized the right of way the statute gives him? And, indeed, long experience shows that just this sort of evaluation is the common kind of question we leave for resolution at the trial.

There are, no doubt, accidents involving moving vehicles that are so cut and dry that no possible defense and no reasonable need for a trial exists; and these are cases for summary judgment under the present rule. But if there is reasonable ground for debate, one way or the other, it seems clear summary judgment is not the answer.

This is the direction of decisional law since, by the 1959 amendment, the rule was made broad enough (i.e. "[i]n any action") to embrace the action for negligence. (*Mandell* v. *Field,* 11 A D 2d 1074; *Sanzo* v. *Toklas,* 10 A D 2d 931; *Geler* v. *Weitzman,* 12 A D 2d 947; *Thum* v. *Zraick,* 12 A D 2d 772; *McLaughlin* v. *Martin,* 12 A D 2d 789.)

Plaintiff in the case before us was a passenger in an automobile, operated at the north approach to Kingston on Route 9-W

by Clyde Morrison. This car was struck in the right rear fender by a bus owned by defendant Greyhound Corporation and operated by defendant Murphy. Plaintiff was injured.

Both this vehicle and the bus had been proceeding south on Route 9-W. Just north of Kingston the road branches out, the one on the left by-passing part of Kingston; the branch on the right going directly into the city. A traffic light controls the approach to these branches.

On plaintiff's version of the facts he would be entitled to judgment. He contends that the car in which he was riding went into the left branch and, coming to a full stop because the traffic light was red for entrance to that branch, was struck by the bus. In his brief in this court he asserts that the bus driver "did not see" the red light and ran into the stopped vehicle.

But the deposition of the bus driver, defendant Murphy, which plaintiff used as part of the basis for his motion for summary judgment, shows a quite different version of the occurrence. Murphy swore that it "looked to me he was going on the right road into Kingston—then all of a sudden he changed his mind * * * to make a left turn." He also swore that the bus was in the process of taking the right branch of the road for Kingston. For that branch, the traffic control showed a "green arrow for right traffic". At the time of impact, Murphy swore both vehicles were moving. Specifically in relation to the car in which plaintiff was riding he swore: "He was moving."

All this presents an issue of fact as to how the accident happened and as to the existence or absence of negligence on the part of Murphy, which precludes summary determination.

The order should be reversed and the motion denied, with $10 costs.

Coon, Gibson, Reynolds and Taylor, JJ., concur.

Order reversed and motion denied, with $10 costs.