■ BARBARA BERBERICH, Respondent, v. BARBARA M. MATHIEU, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered May 15, 1962 in Bronx County, which granted a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

Order, entered on May 15, 1962, affirmed, with $20 costs and disbursements to respondent.

RABIN, J. (dissenting). I dissent and vote to reverse the order and would deny summary judgment to the plaintiff on the ground that issues have been raised that should be determined only upon a trial.

For the plaintiff to succeed on this motion she must demonstrate — to a point where no triable issue exists — that the accident occurred in the manner set forth in the affidavits submitted by her in support of her case (see *Shafter* v. *New York City Tr. Auth.*, 5 A D 2d 320). This she has failed to do. According to the affidavits submitted in support of the plaintiff's case the collision took place when the defendant's automobile, in which plaintiff was a passenger, struck the vehicle ahead of it, which was traveling at the rate of 45 miles per hour. A necessary implication is that the defendant was traveling at a rate substantially in excess of 45 miles per hour. The plaintiff, relying upon this version, must prove it. The defendant submitted an affidavit which sharply contradicts that version. The defendant states that she was traveling at the rate of only 40 miles per hour (within the speed limit) and that she suddenly realized that the vehicle ahead was stopped. She states further that she immediately applied her brakes and swerved to the right but could not avoid the collision. If we were to accept the defendant's version, then the accident did not occur as the plaintiff claims it occurred. That issue is one that should be tried. However, assuming that the plaintiff may recover upon the proof of defendant's negligence, even though it develops that the accident occurred in a manner other than claimed by her, we still have an issue that requires a trial. If the defendant's version be true the defendant could very well be held to be negligent for the failure to realize sooner that the car ahead had been stopped. However, in determining this question, the conditions existing at the time of the accident must be taken into consideration and we cannot say that there is no triable issue in that respect.

A further consideration in determining whether summary judgment should be granted to the plaintiff is the absence of anything in the plaintiff's affidavit with regard to the speed of the car in which she was riding. If indeed, the accident occurred while the defendant was traveling at an excessive rate of speed, as claimed in the plaintiff's supporting affidavit, then perhaps it was her duty to say something to the driver or explain why she did not. In other words, there is a triable issue as to whether or not she was guilty of contributory negligence. In the circumstances, therefore, I conclude that the plaintiff has not met the burden imposed by rule 113 of the Rules of Civil Practice in that there are triable issues.

Breitel, McNally and Eager, JJ., concur in decision; Rabin J., dissents and votes to reverse in opinion, in which Botein, P. J., concurs.

Order, entered on May 15, 1962, affirmed, with $20 costs and disbursements to respondent.