■ ELISE GRACE et al., Appellants, v. TOWN OF EAST HAMPTON et al., Respondents.— In an action seeking, in substance, to enjoin defendants from interfering with a road on plaintiffs' property and from establishing and maintaining a public highway thereon, plaintiffs appeal: (a) from an order of the Supreme Court, Suffolk County, dated August 20, 1963, which denied their motion for summary judgment; and (b) from an order of the same court, dated September 10, 1963, which granted their motion for reargument and on reargument adhered to the original determination. Order of September 10, 1963 reversed, with $10 costs and disbursements, and plaintiffs' motion for summary judgment granted. Appeal from order of August 20, 1963 dismissed, without costs, as academic; that order was superseded by the order of Septem-

ber 10, 1963. From the papers in support of plaintiffs' motion for summary judgment it appears that a gate barring access to the road on plaintiffs' property, at its juncture with a public highway, was erected not later than September 17, 1955, and that the gate was not removed by defendant town until October 7, 1961, more than six years thereafter. The only affidavit in opposition was one by defendants' counsel, who had no personal knowledge of the facts. Such affidavit, in our opinion, was insufficient to raise any issue as to the date when the gate was erected (cf. *Israelson* v. *Rubin,* 20 A D 2d 668). Nor is the case one where summary judgment should be denied because the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent (cf. *De France* v. *Oestrike,* 8 A D 2d 735). The gate was erected at a public highway, and was visible to all who passed by; the name of the contractor and his records were available; and there was no showing whatever by defendants of any endeavor to ascertain the facts. Under such circumstances, summary judgment is not to be denied to plaintiffs merely because defendants say that they have no knowledge of essential facts (*McGuinness* v. *MVAIC,* 18 A D 2d 1100; cf. *Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.,* 17 A D 2d 578, 579–580; *Schillinger* v. *North Hills Realty Corp.,* 15 A D 2d 539, affd. 11 N Y 2d 1044). Since, upon the record presented, it was established as a fact that the public was barred from the subject road for at least six years, we are of the opinion that such non-user constituted an abandonment of the highway under section 205 of the Highway Law (cf. *Horey* v. *Village of Haverstraw,* 124 N. Y. 273, 276–277; *Matter of City of New York* [*Ludlow Ave.*], 164 App. Div. 839, 843). We are also of the opinion that the papers presented no factual issue, requiring the denial of plaintiffs' motion for summary judgment, as to whether plaintiffs had title in fee to the road. Defendants contend only that a question as to plaintiffs' title was raised by a 1927 agreement, between plaintiffs' predecessor in title and others, to "ratify and confirm the existence of [the subject] road as a public highway," and by a 1930 order of the Town Superintendent of Highways laying out the road as a public highway. Viewing those documents in the aspect most favorable to defendants, we are of the opinion that, at most, they may constitute a dedication of the road as a highway and an acceptance thereof by the town; but that even under such circumstances the fee title to the road would remain in the property owners (cf. *Porter* v. *International Bridge Co.,* 200 N. Y. 234, 245–246; *Appleton* v. *City of New York,* 219 N. Y. 150, 165; *Matter of Mayor* [*Walton Ave.*], 131 App. Div. 696, 708, affd. 197 N. Y. 518). We are also of the opinion that an action instituted by a third party in April, 1961, less than six years after the gate was erected, to establish her right to use the road, did not toll the six-year period here involved, even if it be assumed that the action was of the character contemplated by section 205 of the Highway Law. While that section provides that "the period during which any action or proceeding shall have been, or shall be pending in regard to any such highway, shall form no part of such six years", it is our opinion that the quoted provision applies to the antecedent provision respecting a "highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public, or laid out" and not to the subsequent provision, here controlling, that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway" (cf. *American Smelting & Refining Co.* v. *Stettenheim,* 177 App. Div. 392, 396). Kleinfeld, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., not voting.