■ GEORGE J. BLIXTON, Respondent, v. ALLAN R. MACNARY, Appellant.— In a negligence action to recover damages for personal injury, the defendant

appeals from an order of the Supreme Court, Orange County, dated May 20, 1964, which granted plaintiff's motion for summary judgment and directed an assessment of the damages. Order reversed, with $10 costs and disbursements, and motion denied. The facts are not in dispute. At about 5:30 P.M. on February 2, 1963, plaintiff was proceeding in his vehicle in a northerly direction on River Road, Newburgh, New York, a two-lane blacktop road. The surface of the road was "icy." As plaintiff approached a curve in the road, he saw the bright headlights of defendant's car coming around the turn, about 40 to 50 feet ahead. It was traveling on the same side of the road as was plaintiff. Plaintiff stepped on the vehicle's brakes but did not turn his wheel. In a "matter of seconds" the vehicles collided head on. There was proof offered by plaintiff that, immediately after the accident occurred, defendant told him "I'm sorry, it was my fault. I slid." Defendant, however, states that he has no recollection of the events leading up to the accident or of the accident itself. On a motion for summary judgment in an action of this type, even where there is no dispute as to the physical facts or a claim of contributory negligence, an issue remains as to whether reasonable precautions were used by plaintiff to avoid the accident, and this question is essentially one of fact (*Gerard* v. *Inglese*, 11 A D 381). The mere fact that defendant's vehicle was on the wrong side of the road does not constitute negligence as a matter of law (*Gale* v. *City of New York*, 18 A D 2d 12). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.