Arrattam J. Gellinoff, J.
Plaintiff, a surety company, moves for summary judgment in the sum of $1,439,496.38. This action is based on “ General Indemnity Agreements ” and a “ Joint Venture Agreement ” executed by defendant in his personal capacity.
*2 The plaintiff issued certain performance and payment bonds — totaling about $12,000,000 — on behalf of William Green Construction Co., Inc. (“ Green, Inc.”) in connection with various construction jobs undertaken by it. Defendant was president and principal stockholder of Green, Inc. The bonds were issued to Green, Inc., on the express written agreements of defendant to indemnify and save plaintiff harmless from all losses which it might sustain in respect thereof. The indemnity agreements were entered into in express contemplation of plaintiff’s thereafter assuming “ suretyship on bonds ” on behalf of Green, Inc, Those agreements provided that defendant would save harmless and indemnify plaintiff from and against “ any and all claims, suits, actions, debts, damages, costs, charges and expenses ”, and from and against “ all liability, losses and damages of any nature whatever ’ ’, which plaintiff would at any time sustain by reason of its issuance and execution of the various bonds or obligations, and assumption of suretyship on behalf of Green, Inc.
The indemnity agreements provided further as follows:
“ 5. The vouchers or other evidence of payments made by the Surety under any of such bonds or obligations shall be prima facie evidence m establishing the liability assumed by the Undersigned hereunder, whether such payments were made wholly or in part to discharge the penalty under any of such bonds or obligations, incurred in the investigation of a claim thereon, or incurred in the adjustment of loss, claim, or prospective loss or claim in connection with said suretyship, and whether voluntarily made or paid with or without suit or judgment being obtained against said Surety,
“ 6, The Surety shall be entitled to reimbursement, and shall have the right to institute suit against the Undersigned under this agreement for that purpose immediately upon making payments u/nder any of such bonds or obligations, and shall not be compelled to wait until it has exhausted its remedies or rights against the Principal, or has received any or final dividends from the legal representatives of the Principal.
‘ ‘ 8. This agreement shall be liberally construed so as to fully protect and indemnify the Surety, and any company that may join with the Surety as co-surety or reinsurer, and the Undersigned authorizes the Surety to secure such co-insurance or reinsurance on its behalf.” (emphasis added).
At the time defendant executed the first indemnity agreement he also entered into a “ Joint Venture Agreement ”, He executed that agreement individually, doing business as William *3 Green Construction Co., and on behalf of Green, Inc. That agreement, which was to be considered in conjunction with the general indemnity agreement, provided in part as follows: 11 We agree that in consideration of the execution of any bonds applied for by the undersigned which your Company may see fit to execute, either jointly or separately, you may consider us joint venturer and co-principals in the obligation, although only one may be so named in the bond. We further agree that we will individually and jointly indemnify and hold you harmless for any loss, cost, charge or expense that you may suffer or be put to as a result of the execution by you of any bond applied for by the undersigned, either jointly or separately.”
The joint venture agreement also provided that the issuance of all surety bonds by plaintiff was to be deemed 11 in special reliance upon ” said agreement.
Green, Inc. undertook various construction projects under plaintiff’s surety bonds, and was financially unable to complete them. Plaintiff, on demand of the principal obligees under the surety bonds, and pursuant to the terms thereof, completed the jobs. It "now seeks to recover its loss. Defendant has refused its demand that he comply with the terms of the indemnity agreements.
Plaintiff, in three causes of action, seeks to recover on the joint venture and indemnity agreements. Defendant has asserted two affirmative defenses.
The first affirmative defense is based on assignments of contract balances made by Green, Inc. to plaintiff, after it was in default on its various jobs. Defendant claims that this was done without his knowledge or consent, and that the assignments constituted a waiver or release of plaintiff’s rights. In his second defense defendant alleges that, with regard to one of the five projects which are involved in this suit, a cause of action is pending against the United States which was assigned to plaintiff. He claims that the sum which may be recovered may exceed the total due plaintiff, and that, therefore, 11 there are no sums of money that are due and owing from the defendant to the plaintiff
It is conceded that plaintiff assumed suretyship on behalf of Green, Inc. with respect of five contract projects. Plaintiff issued performance and payment bonds, and Green, Inc. has defaulted in completing said projects. Thereupon plaintiff arranged for completion of all the covered work remaining on the projects. Plaintiff has submitted documents showing that it expended almost one and a half million dollars because of Green, Inc.’s defaults.
*4 Upon this motion plaintiff has made a clear evidentiary showing of its right to the relief sought. In opposition, defendant has failed completely to produce proof in substantiation of his defenses. Defendant, in his brief, seems to abandon all arguments concerning liability and urges only matters which, were they properly supported, would have a bearing on the question of damages.
Defendant’s first defense lacks 'both support and merit. The assignments are completely irrelevant to plaintiff’s rights against defendant under the indemnity and joint venture agreements ; they do not constitute a waiver or release. Moreover, defendant’s liability to plaintiff has been reduced to the extent that plaintiff can collect any contract balances. Defendant’s claim that the assignments were executed without his knowledge and consent is specious; they were executed by an officer of Green, Inc. and were duly acknowledged. Green, Inc. ’s counsel attended the execution of the instruments. Defendant was informed in writing of the defaults by Green, Inc. well in advance of the execution of the assignments.
The second defense, based upon the action pending against the United States, is untenable in view of paragraph “6” of the indemnity agreements, quoted above.
‘ ‘ The [indemnity] guarantee is clear and unambiguous in its language and precisely defines the obligations of each of the parties to the other ”. (James Talcott, Inc. v. Bloom, 29 A D 2d 390, 391.) Where the intention of the parties can be gathered from the indemnity agreements themselves, a trial is not necessary to determine the legal effect thereof (Janos v. Peck, 21 A D 2d 529). In this case the meaning of the agreements is not even in dispute; hence liability is fixed.
As to damages, the defendant has failed to make an evidentiary showing sufficient to overcome paragraph “ 5 ” of the indemnity agreements.
No triable issues are present.
The motion is granted.