■ In the Matter of the Arbitration between ALL STATE TAX SERVICE OF AREA 5, INC., Appellant, and KEREKES BROS., INC., Respondent.— Order entered on July 30, 1968, unanimously modified on the law, with $30 costs and disbursements to appellant, so as to deny the motion for a stay in its entirety and to direct that the arbitration proceed on all claims asserted in the demand for arbitration. The agreement, which contains a broad arbitration clause, also contains a restrictive covenant, which forms the basis of claimant's arbitration proceeding. "Where there is a broad provision for arbitration, such as we have here, arbitration may be had as to all issues arising under the contract [citing cases]". (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 336.) The question of the validity or invalidity of the restrictive covenant is not one involving public policy and does not involve positive violations of legislative enactments requiring the enjoining of arbitration. (*Matter of Exercycle, supra,* p. 335.) What is involved is merely a claim of illegality based upon common-law grounds. Such an issue is for the arbitrator. (*Matter of Aimcee Wholesale Corp.* [*Tomar Prods.*], 21 N Y 2d 621.) Concur — Eager, J. P., Capozzoli, McGivern and Markewich, JJ.

■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v. WILLIAM GREEN, Appellant.— Judgment entered July 24, 1969 which granted plaintiff's motion for summary judgment for a total of $1,625,229.36, inclusive of interest and costs, and order entered August 6, 1969 granting defendant's motion for reargument and on reargument adhering to the original decision are unanimously affirmed, with $50 costs and disbursements to the respondent. Defendant does not deny the expenditures or knowledge thereof, plaintiff offered voluntarily a discovery of all checks; defendant did not take advantage of this offer. The expenditures were accepted by the court as prima facie proof of the extent of defendant's liability, in accordance with paragraph 5 of the Indemnity Agreements, the pertinent portion of which follows: "5. The vouchers or other evidence of payments made by the Surety under any of such bonds or obligations shall be prima facie evidence in establishing the liability assumed". The defendant was then required to come forward with proof if he sought to dispute the items. The defendant was familiar with the job; the plaintiff surety company was not. The defendant was thus in a better position to determine the propriety and reasonableness of the expenditures for completion of the jobs than the plaintiff. This could have been done by physical inspection alone. Defendant has failed to produce any proof whatsoever. For these reasons and for the reasons stated in the opinion of Mr. Justice GELLINOFF at Special Term, we affirm the grant of summary judgment and the adherence thereto on reargument. Concur — Nunez, McNally and Steuer, JJ.; Capozzoli, J. P., and Tilzer, J., concur in the following memorandum: We concur in the affirmance. But for the defendant's failure for two years, and on 12 occasions, to take advantage of the opportunity to examine plaintiff before trial, we would have remanded this matter for an assessment of damages. [64 Misc 2d 1.]