■    ROBERT C. HARTWIG et al., Respondents, v THREE F. CONSERVATION SOC., INC., Appellant.—Order unanimously affirmed, without costs, with leave to defendant to renew its motion in accordance with the following memorandum: Defendant appeals from an order of Special Term denying its motion for summary judgment of dismissal of the complaint for personal injuries on the ground that plaintiffs have failed to state a cause of action. In their complaint plaintiffs allege that defendant was negligent in maintaining a volleyball field containing an unguarded opening or hole, of which it did not warn plaintiff-husband. In their bill of particulars plaintiffs allege that defendant's property contained "indentations of the surface which would automatically cause players to fall"; that "where the volley ball net was set up * * * the ground was too rough and, in particular, one hole existed on the playground which was dangerous to any individual on the court"; that "Defendant set up a volley ball court on its grounds and should have inspected its own premises for the safety of its members and invitees"; and that "the condition existed months prior to the accident". Despite such allegations, however, on his examination before trial plaintiff Robert C. Hartwig was asked "What caused you to fall?" and he answered, "High wet grass, I assume, it could have been something in the grass, I don't know * * * No, no one knows". He admitted that he knew that the grass was wet. He further testified that he did not believe that anyone in the area saw what caused him to fall. His wife, who had been watching as the game started, testified that she did not know, "what was there that caused him to fall". Because on this summary judgment motion plaintiffs have not disclosed factual evidence of defendant's negligence which could get them to a jury, defendant contends that the motion should have been granted. Plaintiffs have not examined defendant before trial. For the purposes of this appeal we assume that plaintiff Robert C. Hartwig was free of contributory negligence. The requirements for defeating a motion for summary judgment have often been stated (see *Koppers Co., v Empire Bituminous Prods.,* 35 AD2d 906, affd 30 NY2d 609). Facts elicited on an examination before trial may be used for this purpose *(Stillman v Ford,* 22 NY2d 48, 54; *Durant v Grange Silo Co.,* 12 AD2d 694; *Di Sabato v Soffes,* 9 AD2d 297, 301). By the same token, failure of a party to be diligent in the use of reasonable means to ascertain the facts, such as failure to examine the movant before trial, may be charged against him so that he may not thus avoid the granting of a

motion for summary judgment, especially in a commercial transaction *(Aranow Brodsky, Bohlinger, Benetar, Einhorn & Dann v Silverman,* 30 NY2d 904; *Tausig & Son v Providence Washington Ins. Co.,* 28 AD2d 279, affd 21 NY2d 1023; *United States Fid. & Guar. Co. v Green,* 34 AD2d 935; *Grace v Town of East Hampton,* 20 AD2d 788). Nevertheless, in negligence actions, especially automobile cases, the courts have been slow to grant motions for summary judgment *(Wagner v Orlando,* 25 NY2d 724; *Blixton v MacNary,* 23 AD2d 573; *Cooper v Greyhound Bus Corp.,* 13 AD2d 173), but have done so where the opposing party has completely failed to meet its burden of showing the existence of a question of fact *(Andre v Pomeroy,* 35 NY2d 361; *Berberich v Mathieu,* 17 AD2d 780, affd 12 NY2d 1081; *Arakelyan v Fiallo,* 32 AD2d 626). Despite the sufficiency of plaintiffs' pleadings, they have stated on their examination before trial that they do not know what caused plaintiff-husband to fall, and they have not shown that diligent inquiry has been made to ascertain facts which could fasten liability upon the defendant. Absent some showing of the existence of evidence that plaintiffs can establish defendant's negligence, plaintiffs are not entitled to go to trial, on the mere hope that a stroke of luck will bring them a favorable verdict. Since the volleyball grounds are in the possession and control of the defendant, however, we believe that the interest of justice will best be served by affording to plaintiffs reasonable additional time, not to exceed 60 days from the entry of this determination of the appeal, in which to examine defendant before trial or through other means to find evidence, if possible, which will show that an issue of fact exists as to defendant's negligence. The order is affirmed, therefore, with leave to defendant to renew the motion after the expiration of such time. (Appeal from order of Erie Special Term in negligence action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.