■ LINDE HYDRAULICS CORPORATION, Respondent v KENCO EQUIPMENT COMPANY, INC., Appellant.—Order unanimously affirmed, with costs, on the opinion at Special Term, Aronson, J., and the following memorandum: We add that failure of defendant, during the eight months after the sale and six months after the institution of this action, to take any action to ascertain the facts concerning the alleged impropriety in the manner of the sale of the collateral and to show that there is some substance to its claim in this respect justifies Special Term's conclusion that this defense was a sham and could not bar the grant of partial summary judgment *(Tausig & Son v Providence Washington Ins. Co.,* 28 AD2d 279, affd 21 NY2d 1022; *First Nat. City Bank v Cooper,* 50 AD2d 518; *Hartwig v Three F. Conservation Soc.,* 49 AD2d 678; *United States Fid. & Guar. Co. v Green,* 34 AD2d 935). This allegation must be considered in light of defendant's pleading that it did not receive notice of the sale; and defendant's later retraction of such allegation on "finding" the notice of sale in its files. On this record, defendant having shown no effort to ascertain any fact to support this contention, we do not deem that *Jered Contr. Corp. v New York City Tr. Auth.* (22 NY2d 187, 194) or *Procter & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.* (16 NY2d 344, 362) require a different result. Defendant's argument that by its terms the dealer's contract was terminated by plaintiff's repossession of the trucks, and hence that plaintiff was required to repurchase them and credit defendant with the list price thereof, was not based upon an appropriate answer (see CPLR 3018, subd [b]), and so Special Term properly ignored it *(Matter of Engle v County of Westchester,* 38 AD2d 601, 602; 10 Carmody-Wait 2d, NY Prac, § 70:300). In any event, a fair interpretation of the contract excludes this repossession for nonpayment, under paragraph 20 thereof, from the terms of paragraphs 21 and 22 of the contract, dealing with repurchase obligations, since the latter contemplate that the dealer still has possession of the equipment, whereas here by reason of the dealer's default, the equipment had been repossessed and the dealer was in no position to redeliver it as provided in paragraph 22. (Appeal from order of Onondaga Supreme Court—partial summary judgment.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.