■ PSYCHOANALYTIC CENTER, INC., Respondent, v ROBERT A. BURNS, Appellant.—Judgment of the Supreme Court, New York County, entered April 29, 1977, which confirmed an arbitration award in favor of petitioner-respondent (Psychoanalytic Center, Inc.), unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellant, and the motion for confirmation is denied and the award vacated. In this dispute an award was rendered in favor of respondent for fees collected by appellant, a licensed psychologist, from patients referred to him by respondent. The effect of the award was to validate "splitting of fees", conduct which is prohibited by law (Education Law, § 6509, subd [9]; Commissioner of Education Regulation, former 8 NYCRR 72.2 [a] [4]). Although a mistake by an arbitrator in regard to the law or facts is not a ground for vacatur, that rule is inapplicable when the ruling contravenes established public policy. (Garrity v Lyle Stuart, Inc., 40 NY2d 354, 356-357; see, also, Matter of Western

*Union Tel. Co. [Amer. Communications Assn.],* 299 NY 177, 185-187, and *Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235-236; cf. *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23.) The prohibition on fee splitting is founded on the policy of encouraging professional responsibility and ensuring undivided attention to patients. (See *Matter of Associated Gen. Contrs., N. Y. State Ch. [Savin Bros.],* 36 NY2d 957, 958.) Concur—Birns, J. P., Evans, Lane and Sandler, JJ.