## (June 27, 1978)

■ In the Matter of the Arbitration between MURRAY SPRINZEN,, as Vice-President of Local 1115 Joint Board, Respondent, and MURRAY NOMBERG, Appellant.—Judgment, Supreme Court, New York County, entered November 22, 1977, granting petitioner's motion to confirm an arbitration

award and denying the cross motion to vacate that award, reversed, on the law, with $60 costs and disbursements of this appeal payable to appellant by petitioner, the motion to confirm denied, and the award vacated. Appeal from the order of the Supreme Court, New York County, entered November 18, 1977, which granted reargument and, upon reargument, adhered to the prior determination to confirm the award, unanimously dismissed, without costs or disbursements. To the extent that the order appealed from affects the final judgment, it has been reviewed on the appeal from the judgment (CPLR 5501, subd [a], par 1; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566). Murray Nomberg was employed in the health-care field as a union business agent by Local 1115 Joint Board. He signed an agreement which included a restrictive covenant concerning future employment. The convenant contained a perpetual prohibition against the revelation of the names and addresses of union members; the terms and conditions contained in the union agreements; or a description of any information obtained by Nomberg during the course of his employment. The agreement also provided that arbitration was to be the sole remedy for resolution of disputes. During the course of his employment with Local 1115, Nomberg worked in New Jersey, Connecticut, and Pennsylvania. Nomberg left Local 1115 for employment with Local 144, which was also involved in health care, but his geographical responsibilities encompassed only Manhattan and Staten Island. Local 1115 instituted an arbitration to prevent Nomberg from remaining in the employ of Local 144. Nomberg appeared at the arbitration solely to contest the partiality of the arbitrator and to seek disqualification of the arbitrator. The arbitrator directed enforcement of the restrictive covenant. Special Term confirmed the award, stating that there were no specific factual allegations to warrant a finding of partiality on the part of the arbitrator. Special Term further held that Nomberg, during the course of his employment by Local 1115, developed "special and unique business relationships." This apparently justified enforcement of the covenant restrictive of future employment. We note that while the courts will not normally vacate an arbitration award based on an error with regard to the law, that rule does not obtain when the error impinges, as it does in this case, on a matter of public policy *(Psychoanalytic Center v Burns,* 62 AD2d 963). We hold that the arbitration award under the circumstances of this case was in contravention of public policy and should therefore be vacated. Restrictive covenants which prevent an employee from pursuing a similar vocation after termination of his prior employment, and which are not necessary to protect an employer's legitimate interests, are generally not favored *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307). In the case at bar, Nomberg's position as business representative in a nonsupervisory capacity was not shown to be so unique or extraordinary as to warrant enforcement of a restrictive covenant against him especially in a geographical territory in which he never previously worked. Furthermore, it is not claimed that he took with him any confidential lists. Finally, we note that, in addition to the restriction in perpetuity of use of information garnered by Nomberg during his employment, there was a restriction against employment with any competitor labor organization for a period of five years after leaving the employ of Local 1115. We find that both restrictions are far more extensive than any legitimate interest of Nomberg's employer in protecting itself and therefore unenforceable *(Paramount Pad Co. v Baumrind,* 4 NY2d 393). For all of the above reasons, we have vacated the award of the arbitrator. Concur—Murphy, P. J., Fein and Lane, JJ.; Birns and Lynch, JJ., dissent in

a memorandum by Lynch, J., as to the appeal from the judgment entered on November 22, 1977 as follows: We dissent and would affirm. We disagree with the majority's finding the restrictive covenant unenforceable as contrary to public policy. It is only "a small number of areas, interlaced with strong governmental or societal interests, [that] restrict the power of an arbitration to render an otherwise proper award" *(Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 29; see, also, *Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235) and these have involved instances where performance would violate a "statute or public policy, as reflected in a legislative act" *(Matter of Exercycle Corp. [Maratta],* 9 NY2d 329, 335; *Psychoanalytic Center v Burns,* 62 AD2d 963, cited by the majority; cf. *Matter of All State Tax Serv. of Area 5 v Kerekes Bros.,* 34 AD2d 935). We find no overriding governmental or societal interest in this private employment contract. There is no absolute prohibition in the law against such a covenant as this (see *Purchasing Assoc. v Weitz,* 13 NY2d 267, 272; cf. General Business Law, § 340). The parties contracted to leave questions concerning its enforcement to the competence of an artitrator they specifically named. They should be held to their bargain *(Matter of Exercycle Corp. [Maratta], supra).* We find no merit to the claim of arbitral bias, the appellant's other point on appeal.