■ PETER R. SCATURRO et al., Appellants, v NELSON A. MORET et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Lockman, J.), entered January 7, 1987, which granted the defendants' motion for summary judgment and dismissed the complaint, and (2) from so much of an order of the same court, dated March 16, 1987, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered January 7, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated March 16, 1987, made upon reargument; and it is further,

Ordered that the order dated March 16, 1987 is modified by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Nelson Moret and substituting therefor a provision denying that branch of the motion; as so modified, the order dated March 16, 1987 is affirmed insofar as appealed from, without costs or disbursements, and the order entered January 7, 1987 is modified accordingly.

On August 24, 1985, at the request of his neighbor, the defendant Nelson Moret, the plaintiff Peter Scaturro agreed to help him move an unframed mirror from Moret's living room to his garage. The mirror was approximately 6 feet by 4 feet, one-quarter inch thick and weighed approximately 75 pounds. The men successfully carried the mirror out the front door while the defendant Joan Moret held the door open. When the plaintiff was in the area of the step connecting the outside landing and the front walk, a large triangular section broke off the corner of the mirror and cut Mr. Scaturro's left wrist. Mr. Scaturro suffered nerve damage requiring surgery and some permanent loss of strength and dexterity in his left hand.

The defendants moved for summary judgment and appended all the transcripts of the examinations before trial to their motion. The plaintiffs opposed the motion offering various theories of liability. The court held that, as a matter of law, the defendants did not breach the duty of due care owed to the plaintiffs and granted summary judgment in favor of the defendants.

With respect to Mrs. Moret, the court's ruling was proper. There was no evidence that Mrs. Moret in any manner contributed to the injuries suffered by Mr. Scaturro. The plaintiffs have not alleged that she solicited Mr. Scaturro to carry the mirror, or that she mishandled the mirror or caused anyone else to mishandle the mirror. Accordingly, the court properly concluded that there was no triable issue of fact as to whether Mrs. Moret failed to act in a reasonably prudent manner (see, CPLR 3212 [b]; *Lomnitz v Town of Woodbury,* 81 AD2d 828, 829; *Hartwig v Three F. Conservation Soc.,* 49 AD2d 678).

However, with respect to Mr. Moret, summary judgment was not warranted. Although the plaintiffs failed to direct the court's attention to the specific portions of the pretrial testimony now relied upon, there are three statements in that testimony which demonstrate that there is a triable issue as to whether Mr. Moret caused or contributed to Mr. Scaturro's injuries by jarring or dropping the mirror or allowing it to slip from his hands. First, the plaintiff Marisela Scaturro testified that while waiting in the hospital immediately after the accident, in response to her inquiry as to what had happened, Mr. Moret stated that the mirror might have slipped "[o]ut of his [Moret's] hands". In addition, the plaintiff Peter Scaturro testified that just before the glass broke, either Mr. or Mrs. Moret said "oops" or "ooh". Also, Joan Moret stated that just

before the mirror broke, she heard an "impact" from which it can be inferred that the mirror struck something.

Admittedly, this testimony was contradicted by other pretrial testimony indicating that the mirror was not dropped. It is also true that each of the above-quoted statements are subject to varying interpretations, some of which would support a finding of no liability. However, questions of credibility should be left to the trier of fact (see, Frame v Mack Markowitz, Inc., 125 AD2d 442, 443; Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261). Furthermore, in determining a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion, and the motion "should not be granted where there is any doubt as to the existence of triable issues" (Dal Constr. Corp. v City of New York, 108 AD2d 892, 894). Thus, the defendants' suggested innocent explanations of the evidence in question are actually arguments directed to the weight of the evidence which should be decided by the trier of fact. Moreover, there is a triable issue of fact as to whether the defendant Nelson Moret breached his duty of reasonable care owed by a homeowner to a neighbor assisting him in the movement of this type of mirror (see, Morell v Peekskill Ranch, 64 NY2d 859, revg 104 AD2d 492, 493-495, on dissent of Rubin, J.). Accordingly, summary judgment should not have been granted to the defendant Nelson Moret. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.