■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v PHILLIP BROOKS et al., Defendants, and MICHAEL BROOKS et al., Respondents. [597 NYS2d 376] —Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered November 13, 1991, which, insofar as appealed from, denied plaintiff's motion to renew its motion for summary judgment as against defendants Michael and Shirley Brooks, unanimously reversed, on the law, without costs, and plaintiff's motion for summary judgment against Michael and Shirley Brooks is granted.

In this action by plaintiff to enforce its rights under a contractual indemnity agreement, the IAS Court erroneously concluded that a question of fact existed whether the indemnity agreement at issue constituted a continuing guarantee. The agreement is clear and unambiguous; it provides that the "continuing request to Aetna for the furnishing of Bonds" is to remain in full force and effect until an indemnitor gives written notice of termination (see, United States Fid. & Guar. Co. v Green, 64 Misc 2d 1, affd 34 AD2d 935). Accordingly, under the clear terms of the agreement, defendants are required to indemnify plaintiff for the bonds furnished on behalf of Nu Service Tobacco Co., Inc. and All County Wholesalers, Inc., regardless of whether defendants ceased having business relationships with these corporations prior to the issuance of the bonds (Chemical Bank v Sepler, 60 NY2d 289, 294). Concur —Sullivan, J. P., Milonas, Kassal and Rubin, JJ.