Bernard S. Meyer, J.
Plaintiff wife contracted serum hepatitis after a blood transfusion. In this action she and her husband sue the hospital, the Red Cross and a private blood service which collected the blood, and the two individuals who donated it. The causes of action against the individual defendants are for negligence. Individual defendant Silver moves for summary judgment. The motion is granted and the eighth cause of action and as to defendant Silver the ninth cause of action are dismissed.
The complaint does not state a cause of action, for it states; only (1) that defendant was afflicted with hepatitis or had previously had hepatitis and carried the germ, (2) that defendant, knew or should have known that her blood would be used by a, hospital patient, (3) that defendant donated contaminated blood,, (4) that the blood was injected into plaintiff causing her to contract hepatitis. Nowhere is it alleged that defendant knew or had reason to know prior to donating the blood that she was afflicted with hepatitis, and without knowledge or reason to know, defendant would be guilty of no negligence.
If the complaint be deemed amended to incorporate the missing allegation, defendant is nonetheless entitled to dismissal, for plaintiffs come forward with no facts to show that defendant ever had hepatitis or that her blood was contaminated or that she knew or had reason to know that her blood was contaminated.
Plaintiffs seek to invoke CPLR 3212 (subd. [f]) but by putting the case on the calendar have waived their right to examine defendant. Plaintiffs’ reference to a stipulation that defendant Silver would be produced for examination does not avail them, not only because no stipulation conforming to CPLR 2104 is presented, but also because the stipulation claimed was made long before the case was put on the calendar and was nothing more than a stipulation to produce defendant for an examination properly required. By placing the case on the calendar, plaintiffs have barred themselves from demanding examination.