Louis B. Heller, J.
In a tort action predicated upon negligence and breach of warranty for furnishing a pint of whole blood which was allegedly contaminated with the hepatitis virus and was transfused into the body of the plaintiff, defendant National Blood Bank, Inc. (hereinafter referred to as “ defendant ”) moves for summary judgment on the ground plaintiff’s action has no merit (CPLB 3212).
The court directs its attention principally to defendant’s contention, in effect, that defendant, as a processor of human blood used in transfusions, cannot be held liable for the resulting infection (assuming that the transfused blood was the contaminating source) because “it was impossible to screen out or eliminate such virus with the best care.” (See Perlmutter v. Beth David Hosp., 308 N. Y. 100.)
It should be noted in this connection that the Perlnmtter case did not involve negligence. (See supra, p. 103.) Nevertheless, the court therein did express the view that ‘ ‘ where no negligence or fault is present, liability should not be imposed upon the institution or agency actually seeking to save or otherwise assist the patient.” (P. 107.)
*646 In the instant situation, however, plaintiff charges defendant with negligence. To illustrate, the bill of particulars states (among other things) that defendant failed “ to properly and adequately inspect, examine and test the persons from -whom the said blood was obtained.”
In support of the instant motipn defendant has submitted affidavits which, in the court’s opinion, do not contain facts showing a lack of merit in plaintiff’s cause of action. Actually, the defendant’s affidavits demonstrate the presence of issues (of negligence) which cannot be determined upon the basis of defendant’s proof.
For instance, after specifying the method generally followed in the examination of prospective blood donors and the extraction and bottling of the human blood, defendant characterizes its procedure with the conclusory observation that it constitutes ‘ ‘ all reasonable precautions. ’ ’ Similarly, the physician who examined the particular blood donor (whose blood is the subject of the action) makes the conclusory statements that the donor “was given a complete physical examination,” that the physician ‘ ‘ inquired if [donor] had any diseases * * * specifically * * * jaundice * * * hepatitis ”, that he “inquired * * * whether [donor] had been in contact with hepatitis in any form ”, that he “ checked ” various organs of the body, including the 1 ‘ liver, and determined * * * that the donor was in good physical condition * * * nor did the said donor indicate from an outside appearance the existence of any other condition which required further examination.”
As regards defendant’s cited eases, they are distinguishable. Eubbell v. South Nassau Communities Eosp. (46 Misc 2d 847) is limited by its facts. There, in an action which included as party defendants two individual blood donors, the motion of one of the donors for summary judgment was granted on the ground plaintiff failed to come forward with facts showing ‘ ‘ that defendant ever had hepatitis or that her blood was contaminated or that she knew or had reason to know that her blood was contaminated ” (emphasis supplied) (p. 848). (See criticism of the court’s procedural holding in the Practic Commentary to McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3212[f], 1967 Supp., pp. 183-184 for depriving plaintiff of the opportunity to pursue disclosure proceedings to obtain data required to defeat the motion.) The other cases cited involved no element of negligence pertaining to the gathering of blood from donors and the processing of the blood for subsequent use.
Having found factual issues present, the court need-not, and does not, reach for determination other questions raised herein. Motion denied.