PAUL TAUSIG & SON, INC., Respondent-Appellant, v. PROVIDENCE WASHINGTON INSURANCE CO., Appellant-Respondent.

First Department, November 28, 1967.

*John Schulman* of counsel (*David E. Schwab, II,* and *Herbert D. Trossman* with him on the brief), for respondent-appellant.

*Samuel Halpern* of counsel (*Konheim & Halpern,* attorneys), for appellant-respondent.

RABIN, J.  The defendant in this action, on a fidelity bond, resists summary judgment.  The basic ground for such resistance is that the facts are exclusively within the knowledge of plaintiff and, in such circumstances the courts do not grant summary judgment.  (*Franklin Nat. Bank of Long Is.* v. *De Giacomo,* 20 A D 2d 797.)

However, that is not to say that summary judgment will not be granted where the defendant makes no reasonable attempt to ascertain the facts, refuses to look for what can be seen and closes its eyes to what is evident.  (*Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.,* 17 A D 2d 578.)

The plaintiff sues to recover because of the defalcation of one of its employees.  The moving papers make out a clear case for recovery.  The plaintiff is a travel agent.  It is alleged in the complaint that one of its employees received payments from many of its customers and converted the moneys so received to his own use.  Furthermore, it is charged that the same employee forged checks given as refunds to customers and appropriated the proceeds of such checks.  The plaintiff in its 191 page proof of loss sets forth in clear detail each and every item that constitutes such loss, i.e., the names of the passengers, the amounts involved, evidence of the payment to the employee by the passengers, and by reference to its books, the failure of its employee to turn over moneys so received, to the plaintiff.  Moreover, it appears that charges of a criminal nature were filed against the employee.  Listed in the moving papers is his confession, and the record shows that he was convicted of the charge.  Despite the above, the defendant persists in saying it does not know.

Under the terms of the bond the defendant has a right to examine the books of the plaintiff.  It failed to exercise that right.  Furthermore, under our procedure the defendant could have examined the plaintiff before trial.  Indeed, it served a notice of such examination but abandoned it.  It is thus apparent that defendant refused to try to find out what it claims it does not know.

It seems that the only effort the defendant made to get the information was to arrange through the Probation Department to talk with the defaulting employee. However, the affidavits of the defendant do not give the court the benefit of the information received. They merely state that the conference was unsatisfactory.

The defendant also says that it need not pay because the plaintiff failed to take "monthly audits by a certified public accountant"; failed to take "ticket stock monthly inventories" and failed "to audit the bank accounts monthly by someone not authorized to deposit or withdraw from the said account of the plaintiff."

The plaintiff questions whether it indeed was obliged to follow the above procedures but, nevertheless, does assert in its papers that that is exactly the procedure which it did follow. There is nothing in defendant's papers to indicate that the plaintiff failed to do so. If defendant did not know, an examination of the plaintiff's books and records would have disclosed whether or not such audits were regularly made. Here again, because of the obtainable information, we must disregard the unsupported defenses, particularly when there is no proof whatsoever of the default of the plaintiff in such respects — again assuming that plaintiff had the obligation defendant seeks to impose on it.

Nor was the defendant shut off by this motion for summary judgment from any attempt to obtain information through pretrial procedures or otherwise, for it was the defendant that caused the case to be placed upon the calendar by its demand that the plaintiff do so.

In the light of the detailed documentary support of the plaintiff's claim, and in the light of the failure by the defendant to advance any facts which would tend to offset that claim or to support any of its defenses, and in the light of its failure to make any reasonable effort to obtain the facts which it claims are not within its knowledge, full summary judgment should be granted to the plaintiff.

Accordingly, the order entered June 2, 1967, should be modified, on the law, to delete those provisions which reserved for trial the issue as to plaintiff's due diligence, and plaintiff's motion for summary judgment should be granted in all respects and, as so modified, the order should be affirmed, with costs and disbursements to the plaintiff-respondent-appellant.

BOTEIN, P. J., EAGER, TILZER and McGIVERN, JJ., concur.

Order entered on June 2, 1967, unanimously modified, on the law, to the extent of deleting those provisions which reserved for trial the issue as to plaintiff's due diligence, and plaintiff's motion for summary judgment granted in all respects, with $10 costs, and, as so modified, affirmed with $50 costs and disbursements to plaintiff-respondent-appellant.