PHYLLIS PAYNE, Appellant, *v.* LEONARD R. PAYNE, Individually and as a Partner Doing Business under the Assumed Name of PAYNES BODY AND FENDER GARAGE, Respondent, et al., Defendant.

Fourth Department, June 30, 1970.

*Alderman, Alderman, Samuels & Schepp* (*Bernard Samuels* and *Richard B. Alderman* of counsel), for appellant.

*L. H.* and *R. S. Amdursky* (*Robert G. Hurlbutt* of counsel), for respondent.

BASTOW, J. We agree with the conclusion reached by Special Term but comment briefly on appellant's contention that under decisional law implementing certain provisions of the Partnership Law liability might be imposed on respondent for the alleged tortious acts of the codefendant — the alleged copartner of respondent.

The general principle is recognized that in the field of tort liability members of a partnership are jointly and severally liable for a tort committed in the course of the partnership business (43 N. Y. Jur., Partnership, § 141; *Caplan* v. *Caplan,* 268 N. Y. 445). The difficulty is that plaintiff has supplied no factual proof to bring herself within this legal principle. Respondent's motion called upon plaintiff to offer something more than a repetition of the conclusory statements in the amended complaint. (*Indig* v. *Finkelstein,* 23 N Y 2d 728; *Gnozzo* v. *Marine Trust Co.,* 258 App. Div. 298, affd. 284 N. Y. 617.)

The statute (CPLR 3212, subd. [f]) authorizes the court to grant a continuance of a motion for summary judgment to permit the party moved against to obtain affidavits and disclosure to be used in opposition to the motion. No such request was here made. In her opposing affidavit plaintiff simply requested denial of the motion because of her " belief " that pretrial disclosure would corroborate her conclusory statements made in the pleading and the affidavit.

Furthermore, the motion was made about three years after the date of the accident. Not irrelevant is the fact that defendant is her husband and respondent her brother-in-law. If proof existed to support the allegations of her pleading, she had several years within which to obtain it. Thus, the rule is here applicable that the motion should not be denied where the failure of the party moved against to gather the facts to support her contentions is due to her own voluntary inaction. (cf. *Silinsky* v. *State-Wide Ins. Co.*, 30 A D 2d 1.)

The real reason for appellant's dilatory tactics and her failure to submit any facts in support of her beliefs are supplied by the overwhelming factual proof that at the time of the accident the vehicle jointly owned by defendants was not being used in the partnership business. These are the facts. Respondent and defendant (plaintiff's husband) were joint owners of the vehicle. On the day of the accident respondent was at his regular place of employment. He had parked the automobile in the yard of a nearby gas station and left the key in the ignition switch to facilitate movement thereof by the service station owner. Defendant, an unlicensed operator, took the vehicle and drove to his home with the intention of stopping his estranged wife (plaintiff) from removing personalty from the home. The vehicle struck the wife. Defendant husband in a writing admits having no operator's license; that he took the car without asking his brother " as I knew he would not have allowed me to use it without an operator's license." In summary, there is no proof that the vehicle was being used on partnership business or with the permission of respondent. The proof is to the contrary.

The judgment and order should be affirmed, without costs.

MARSH, J. (dissenting). Plaintiff's estranged husband and defendant-respondent Leonard R. Payne, a brother of the husband, jointly owned the automobile which struck plaintiff and it was so registered with the Department of Motor Vehicles. In her complaint plaintiff alleges that the automobile was being used by her husband with the brother's permission. In addition she alleges that the brother and husband were partners under the

assumed name of Paynes Body and Fender Garage and that the automobile was being used in the course of the partnership business at the time of the accident, and by affidavit avers that her husband was constantly driving the vehicle in question with respect to carrying on the partnership business.

In granting defendant brother's motion for summary judgment dismissing the complaint the court held that liability against an absentee co-owner cannot be founded upon the provisions of section 388 of the Vehicle and Traffic Law when the other co-owner is operating the automobile and that even if the automobile were partnership property it was not being used in the ordinary course of the business of the partnership or with the authority of the defendant brother.

In *Leppard* v. *O'Brien* (225 App. Div. 162, affd. 252 N. Y. 563) cited in the court's decision, the Court of Appeals held that former section 282-e of the Highway Law, predecessor section to section 388 of the Vehicle and Traffic Law, did not contemplate visiting vicarious liability upon a co-owner for the negligence of the other co-owner since neither could grant or deny to the other permission for the use and possession of the commonly owned vehicle. Joint ownership includes the right to the use and possession of the vehicle and the right not to be excluded from it by the co-owners:

"It nowhere appears in the statute that the Legislature intended that the vicarious liability created by its enactment should be visited upon one who could not prevent or control the use or operation of his car by withholding permission.

\* \* \*

"'It is not evident that the Legislature intended to make each part owner of a car liable for the consequences of the negligent operation of it by a co-owner or his agent or employee. In the first place, the foundation for such a rule does not exist, since a part owner of an automobile may not choose the agents or employees of the other owner nor control possession of the car by the co-owner. \* \* \* the language of the law, fairly interpreted, does not evidence a purpose to visit upon an owner the consequences of negligence committed by persons whose custody and possession of the car he may not and cannot control.'" (*Leppard* v. *O'Brien, supra,* pp. 165–66.)

Thus the rationale of the *Leppard* case resides in its interpretation of the statutory language which posits liability upon the granting of permission, express or implied, by the owner of the vehicle to the alleged negligent driver.

Plaintiff avers that defendant husband and defendant brother owned the vehicle in question jointly in their partnership business and used it as a partnership vehicle.

The Partnership Law sets up the basic rights and duties of partners to each other, toward the public and with respect to the property held jointly by the partners. Section 51 of the Partnership Law provides:

" 1. A partner is co-owner with his partners of specific partnership propery holding as a tenant in partnership.

" 2. The incidents of this tenancy are such that:

" (a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners."

The defendant brother urges that even if the vehicle were partnership property it was not being used in pursuance of the business of the partnership. In such case then, under section 51 of the Partnership Law, defendant husband would need the permission, express or implied, of his copartner, for his use to be lawful, and defendant brother would have the right to refuse his brother, the defendant husband, the use of the vehicle on a purely personal venture.

A partner who puts a vehicle upon the highway with his permission, express or implied, is no less liable under section 388 of the Vehicle and Traffic Law than the individual owner who does no more. In such case where the vehicle is being used with the permission of each partner and injury results through the negligence of a driver operating with the permission of the partner, express or implied, liability of the partnership and the partners is joint and several. (*Caplan* v. *Caplan*, 268 N. Y. 445.)

The plaintiff states in her affidavit: " The motion papers for summary judgment were served herein simultaneously with the answer and before any disclosure could be obtained. I believe that disclosure on an examination before trial of both defendants will corroborate the statements I have made that this automobile which struck me and my car was an automobile jointly owned, constantly used in a partnership business with the full knowledge on the part of both defendants."

There is at least a question of fact to be explored whether defendant husband had the implied permission of defendant brother to use the vehicle for other than partnership purposes. Whether there was consent, express or implied, is a question of fact which cannot be decided upon the basis of the conflicting

and incomplete affidavits contained in the record. (*Coons* v. *Massachusetts Bonding & Ins. Co.*, 12 A D 2d 701, affd. 9 N Y 2d 994.)

The question of whether the vehicle was in fact owned by the two brothers in copartnership and whether if such were the case, defendant husband was using the vehicle for his own purposes with the permission, express or implied, of the defendant brother requires exploration at trial. (See *Blunt* v. *Zinni*, 32 A D 2d 882, affd. 27 N Y 2d 521.)

The judgment and order should be reversed and defendant-respondent's motion for summary judgment denied.

GOLDMAN, P. J., and MOULE, J., concur with BASTOW, J.; MARSH, J., dissents and votes to reverse and deny the motion for summary judgment in an opinion, in which WITMER, J., concurs.

Judgment and order affirmed, without costs.