PAULINE M. GOLDING, Respondent, v. K. B. WEISSMAN et al., Defendants, and JOSEPH BLAU et al., Appellants.—

Concur — Eager, J. P., Markewich and Bastow, JJ.; McGivern and Steuer, JJ., dissent in the following memorandum by Steuer, J.: Had the moving defendants contented themselves with a simple denial of the allegations of the complaint, we would in all likelihood have concurred with the majority. The failure of the plaintiff to come forward with evidentiary facts and the undue accommodation afforded defendants on plaintiff's application to examine defendants before trial provide little excuse for this failure. However, the explanations vouchsafed by the defendants in their pleadings and affidavits give support to the otherwise unsubstantiated allegations of the complaint and provide reason to believe that the decision of the majority is not really one that no issue exists but that the claim should be barred by the dilatory way in which it has been prosecuted. As this is not the ground asserted for judg-

942

ment, no further discussion on this point is in order, but something more to substantiate the view of the dissenters would be proper. The suit is a stockholder's derivative action against the directors and the principal stockholder of a closely held corporation. The main charge is that corporate business was diverted to other organizations to the benefit of the defendants and that corporate assets and credit were used for their private gain. In reply the defendants allege that all the corporate assets, including claims which the corporation had, were sold to a third party following arm's length negotiations. It is argued that the claims sold included the claim asserted by the plaintiff and, as the corporation no longer owns it, plaintiff cannot advance it on behalf of the corporation. It is further claimed that the corporation, through a new board of directors, specifically released the moving defendants from this claim. The record is not clear as to how this new board of directors, which authorized the release, came into office, nor is the chronology of the sale and the release set out. Consequently the defense is not that the facts alleged in the complaint lack substance but that there are bars to their prosecution. As to the defenses themselves, which are what movants rely on, it must be patent that they reveal a situation malodorous with the scent of bad faith, and should be aired at a trial. It is true that the plaintiff has set out no facts which challenge the *bona fides* of the release. However, such facts would be peculiarly within the knowledge of defendants. The majority recognizes this in its reference to the failure to proceed diligently with the examination before trial. As pointed out above, however, failure to prosecute is not the ground of the motion. We would affirm the denial of summary judgment.