■ LERNER STORES CORPORATION, Respondent, v PARKLANE HOSIERY COMPANY, INC., Appellant. (And a Third-Party Action.)—Order unanimously affirmed, with costs. Memorandum: Plaintiff Lerner Stores Corporation was the lessor of certain premises in the City of Rochester which were leased to Ralph's Rochester, Inc. Defendant Parklane Hosiery Co., Inc., was the guarantor of Ralph's Rochester, Inc.'s, obligations to plaintiff under the lease agreement. This action was brought to recover damages under the guarantee agreement as a result of the tenant's default under the terms of its lease in failing to make payments due on rent and various utility charges. Defendant appeals from an order granting summary judgment in favor of plaintiff. Defendant raised seven affirmative defenses, five of which concerned negotiations between plaintiff and two corporations involving the

sale or destruction of the building housing the leased premises that allegedly caused tenant to abandon its leasehold. The other two defenses concerned plaintiff's failure to mitigate damages by not reletting the premises, and the impropriety of the lease assignment to plaintiff from the original lessor. Defendant also asserted three counterclaims in which it alleged that tenant had been damaged due to plaintiff's breach of certain covenants under the lease. Defendant set forth no evidentiary proof in support of any of these allegations. Although defendant averred that plaintiff took part in certain bad faith negotiations, it asserted no personal knowledge of that fact nor mentioned names, dates or places concerning the negotiations. Also, there was no evidence presented concerning plaintiff's failure to relet and, in addition, defendant's guarantee agreement explicitly stated that an assignment of the lease to plaintiff was permitted without notice to defendant. With respect to defendant's three counterclaims, defendant alleged in each case that the tenant had been damaged due to plaintiff's actions but failed to state in what manner it had been personally damaged. It is well settled that to defeat a motion for summary judgment, the opponent must present proof in evidentiary form substantiating its claim *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338) and not merely set forth averments of factual or legal conclusions *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assoc.,* 32 NY2d 285, 290). Defendant's failure to present such proof justified granting the motion for summary judgment. Furthermore, we find no merit in defendant's contention that summary judgment should have been denied pending discovery (see CPLR 3212, subd [f]). Although many of the material facts necessary to support defendant's allegations were within the knowledge of plaintiff and other parties, in the six-month period between service of the amended complaint and service of the affidavits opposing the motion, defendant took no affirmative step to seek discovery. A party may not claim that "facts cannot be stated" when its lack of knowledge results from its own voluntary inaction *(Silinsky v State-Wide Ins. Co.,* 30 AD2d 1; see, also, *Payne v Payne,* 34 AD2d 375). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.