■ MICHAEL M. PLATZMAN, Respondent, v AMERICAN TOTALISATOR COMPANY, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered October 4, 1976, denying defendant-appellant, American Totalisator Company, Inc.'s, motion for summary judgment dis-

missing the complaint herein, affirmed, with $60 costs and disbursements of this appeal to respondent. We do not believe that, on this record, we can fairly conclude that there are no triable issues of fact and thereby justify the granting of summary judgment to defendant, American Totalisator Company. It appears to us that whatever information was imparted to the defendant by the plaintiff was given in confidence and could not be appropriated without the consent of the plaintiff. Whether this relationship of confidence existed between the defendant and the plaintiff individually, or with Taller & Cooper, does not in any way excuse the defendant from the acts charged against it. Either way the defendant committed a wrong if the charges against it are true. The claim of the defendant that the system disclosed to it by plaintiff was insufficiently concrete and complete is controverted by the plaintiff who urges the contrary. He strongly argues that the system proposed was a complete one, not just an idea. This presents a question of fact. Other fact issues present in this record include whether the information relating to the system design came from a source other than the plaintiff himself; whether there was any communication by defendant to others of the explanation given to it by plaintiff as to the design and workings of the system and, particularly, whether the defendant communicated to the City of New York the details of the system designed as explained by the plaintiff. We believe these questions and others in the record to be sufficient to defeat summary judgment. It should also be noted that much of the information which is necessary for a proper determination of the merits of the action is within the exclusive knowledge of the defendant. This is an additional reason justifying the denial of summary judgment in advance of pretrial proceedings in this action. One of the matters which can then properly be inquired into would be a comparison of the system presented and the plaintiff's system as given to the defendant, American Totalisator Company. Solely for the purposes of this motion, American Totalisator Company concedes that the system provided by it to Off-Track Betting Corporation is the same as the one claimed to have been disclosed by plaintiff. American Totalisator Company and other defendants herein are also defendants in a patent infringement suit presently pending in the United States District Court for the Southern District of New York, in which litigation the plaintiff herein was not permitted to intervene, although he tried. In that suit, and here, the defendants have pleaded that their systems are not the same as that disclosed by plaintiff and are also different from the one patented. Since the concession now made by American Totalisator Company is made only for the purposes of this motion, the defendants would be free to pursue their contention in the patent infringement action that their system is different than the one patented. This could possibly lead to inconsistent verdicts, a result which is less likely to occur if a plenary hearing were had in the case at bar. In conclusion, we are of the view that an over-all consideration of the facts in this case leads us to the opinion that a trial is desirable instead of a summary disposition. Concur—Capozzoli, Lane and Markewich, JJ.; Murphy, P. J. and Silverman, J., dissent in the following memorandum by Silverman, J. We would reverse and grant summary judgment dismissing the complaint as to defendant American Totalisator Company, Inc. (as well as to the defendant Computer Sciences Corporation). As is evident from the dismissal as to the defendant Computer Sciences Corporation, plaintiff must establish a confidential relationship between himself and the defendant he seeks to hold liable. It is clear from plaintiff's own testimony that if there was a confidential relationship, it was not with plaintiff but with a company known as Taller &

Cooper, of which plaintiff was an officer and stockholder. It is further clear that before defendant began using the "system" that plaintiff allegedly disclosed to defendant, a patent had been awarded to another company for a system which plaintiff testified was the same as plaintiff's own system; that that patent, as was of course required, disclosed the system; that copies of the patent were available to the public for a nominal charge. Defendant had copies of the patent. At that point, there was no longer any secret, and, thus, defendant cannot be held liable on the theory that it was using a secret system, whether or not that secret had been disclosed to defendant in confidence at an earlier time when it was still a secret. "The case law is abundantly clear that there is no cause of action for the use of an idea * * * communicated in confidence when that idea has been made public by the issuance of a copyright or patent prior to its use." *(Lemelson v Kellogg Co.,* 440 F2d 986, 987; accord *Conmar Prods. Corp. v Universal Slide Fastener Co.,* 172 F2d 150, 155–156; *M & T Chems. v International Business Mach. Corp.,* 403 F Supp 1145, 1149; *National Starch Prods. v Polymer Inds.,* 273 App Div 732, 737.) In plaintiff's brief in this court, he suggests the possibility that perhaps his system is different from that disclosed in the patent, and that he has not fully examined the patent for the purpose of determining this. But the patent is available to plaintiff; and in opposition to a motion for summary judgment, plaintiff has the duty to examine the patent and show that it does not embody his system.