OPINION OF THE COURT
Bernard Fuchs, J.
Plaintiffs’ note of issue was served in March, 1976. The action, pending since 1972, is for personal injuries from a *586 bicycle fall on a Prospect Park walk, allegedly due to defendants’ negligent maintenance. Defendants move for summary judgment, contending that there is no legal duty to maintain a walk in safe condition for bicycling.
By cross motion plaintiffs seek to stay the motion and compel production of documents in defendants’ exclusive possession which will show, plaintiffs claim, that the walk was a bicycle path. (See CPLR 3212, subd [fj.) Without disclosure of the facts needed for opposition in such a case, summary judgment should ordinarily be denied. (Platzman v American Totalistor Co., 57 AD2d 753, revd on other grounds 45 NY2d 910; Overseas Reliance Tours & Travel Serv. v Same Co., 17 AD2d 578; Utica Sheet Metal Corp. v Schecter Corp., 25 AD2d 928.) Resistance to the cross motion rests on the claim that plaintiffs’ note of issue operates to forfeit their disclosure rights. Defendants cite Tausig & Son v Providence Washington Ins. Co. (28 AD2d 279, affd 21 NY2d 1022), Silinsky v State-Wide Ins. Co. (30 AD2d 1), Golding v Weissman (35 AD2d 941, opp dsmd 29 NY2d 913); Lerner Stores Corp. v Parklane Hosiery Co. (54 AD2d 1072), Hubbell v South Nassau Communities Hosp. (46 Misc 2d 847), and Weinstein-Korn-Miller, NY Civil Practice (vol 4, par 3212.18).
There is no legal compulsion to employ either disclosure or summary judgment. The several disclosure devices of CPLR article 31, like the summary judgment motion itself, are tools which a litigant employs or not as he may be advised. In the present case plaintiffs have elected to forego discovery and rely on the court’s subpoena power at trial.
The wisdom of plaintiffs’ strategy is not a question for the court. Plainly they did not anticipate a motion which could switch their action from the trial track to oblivion for want of the documents demanded. Now that plaintiffs confront this sudden peril (uncommon in personal injury cases) they should have a fair opportunity to survive it.
Had defendants moved for summary judgment during the first three years after issue was joined in June, 1972, there could have been no opposition to plaintiffs’ disclosure demands. Defendants’ argument, if correct, therefore, means that their own delay of more than three additional years since the note of issue was filed (a total exceeding seven years) has somehow endowed defendants’ summary judgment allegations with partial immunity to contradiction.
Whatever the effect of plaintiffs’ note of issue, it certainly *587 did not forfeit their subpoena rights under CPLR article 23 or section 1201 of the New York City Civil Court Act. Defendants’ demand for accelerated judgment must, in fairness, equally accelerate plaintiffs’ access to the court’s subpoena power or its equivalent which may be needed to oppose the demand effectively. That equivalent is CPLR 3212 (subd [f]) disclosure.
The very rule, moreover, of the Appellate Division, Second Department, which bars disclosure after a note of issue is filed permits exceptions for "unanticipated conditions” where a party may be unduly prejudiced. (22 NYCRR 675.7; Cooper v Swallow, 55 AD2d 752; see, also, Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:34, p 450.) And the present disclosure application derives particular cogency from defendants’ failure to deny that they hold documents of the tenor plaintiffs describe.
Nothing in the authorities cited by defendants requires denial of CPLR 3212 (subd [f]) disclosure after a case is calendared. Forfeiture of disclosure is not even mentioned in Tausig & Son v Providence Washington Ins. Co. (28 AD2d 279, affd 21 NY2d 1022, supra), where the opponent did not apply for it. Similarly in Silinsky v State-Wide Ins. Co. (30 AD2d 1, 6, supra), the defendant opposing summary judgment "never requested an order for disclosure and apparently took no other steps to discover the truth”. In Golding v Weissman (35 AD2d 941, opp dsmd 29 NY2d 913, supra), CPLR 3212 (subd [f]) was unavailable because of plaintiff’s neglect to use it not because of forfeiture by calendaring. To the same effect is Lerner Stores Corp. v Parklane Hosiery Co. (54 AD2d 1072, supra), (which relies upon Silinsky) where CPLR 3212 (subd [f]) was never invoked in the lower court.
The real import of these decisions is that summary judgment may not be defeated by the movant’s monopoly of necessary evidence when his opponent "makes no reasonable attempt to ascertain the facts, refuses to look for what can be seen and closes its eyes to what is evident.” (Tausig & Son v Providence Washington Ins. Co., 28 AD2d 279, 280, supra.) His neglect must be "inexcusable”. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.18; see, also, Payne v Payne, 34 AD2d 375, revd on other grounds 28 NY2d 399.)
Even Hubbell v South Nassau Communities Hosp. (46 Misc 2d 847, supra), the one case which states the forfeiture rule unequivocally, does not rely on it. The statement is made *588 merely obiter dictum to dispose of a hypothetically amended complaint which was not before the court.
The present argument reflects a slight tension between 675.7 of the Appellate Division rules (22 NYCRR 675.7) and the saving provisions of CPLR 3212 (subd [f]) (or the parallel language of CPLR 3211, subd [d]). In any conflict there is little doubt that the CPLR provisions should prevail. (See Rovegno v Lush, 45 Misc 2d 579; Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C32l2:34, p 450.) But there is no conflict. The Appellate Division rule and the CPLR provisions advance wholly different policies, the one to assure orderly calendaring of cases actually ready for trial and the other to forestall nonmeritorious accelerated judgments grounded on mere tactical advantage. In the present case the latter policy applies.
Ordered as follows:
Within 20 days after service on either side of a copy of this order with notice of entry, defendants shall serve plaintiffs with a copy of each record in either defendant’s possession (i) setting forth the rules and regulations concerning bicyclists in Prospect Park in effect on and before August 30, 1971; (ii) showing which walks or paths were designated as bicycle paths in Prospect Park on and before August 30, 1971; (iii) indicating the locations of all signs designating any path or paths for use by bicyclists on and before August 30, 1971; (iv) showing which paths were designated for use by bicyclists pursuant to section 532-18.0 of the Administrative Code of the City of New York on and before August 30, 1971; and (v) showing the location and name of each employee of either defendant with knowledge of the use by bicyclists on and before August 30, 1971, of the path on which the alleged accident occurred.
Plaintiffs have leave to serve additional papers in opposition to defendants’ summary judgment motion within 15 days after service of the foregoing documents; defendants have leave to serve responsive papers within 10 days after service of such additional papers.
The motion for summary judgment is continued until expiration of the 10-day period. Defendants shall serve and file notice, on or before the date of such expiration showing the computation thereof.