■   JOHN L. ENGLISH WHOLESALE GROCERY CO., Appellant, v PLAZA SUPER OF MALTA, INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 12, 1979 in Albany County, which denied a motion for summary judgment. The underlying action is to recover on two promissory notes and guarantee agreements. Appellant is a wholesale supplier of groceries and respondents Plaza Super of Malta, Inc. (Malta) and Star Plaza, Inc. (Star Plaza) operated retail supermarkets. Respondents Savas and Natalie Ermides are the personal guarantors on the two notes in question. The first note, dated July 19, 1974, for some $33,000 was given by Star Plaza to appellant. The other note, dated December 3, 1974, in the sum of approximately $145,700 was given by Malta to appellant. This note had a third guarantor, Star Plaza. Malta also executed a separate security agreement covering all financial obligations of Malta to appellant. Star Plaza also signed a further agreement, dated August 22, 1975, to pay appellant $5,000 weekly to be applied "to reduce the balances presently owing for goods delivered" to the corporate parties. Malta also signed this agreement. Another agreement provided for the $5,000 payments to be applied against accounts, notes and other obligations of Star Plaza, as determined by appellant. When the payors defaulted on the notes, appellant elected to declare the entire amount due and payable pursuant to the terms of the notes. The instant action was commenced. The July 19, 1974 note and accompanying agreements are the subject of the third and fourth causes of action of the complaint. The first and second causes of action pertain to the other note and agreements. Respondents alleged full payment as an affirmative defense. Appellant moved for summary judgment and, in an affidavit in support of the motion, appellant's president alleged that between August, 1975 and January, 1976 Star Plaza paid appellant $38,455.03 which was applied to the Malta trade account indebtedness. Special Term denied appellant's motion for summary judgment on the ground that appellant's claim that the payments were applied to indebtednesses, other than the amounts owing on the promissory notes or guarantees, is a matter exclusively within the knowledge of appellant. This appeal followed. Assuming, *arguendo,* that the facts were exclusively within the knowledge of appellant, in our view, on this record, Special Term improperly denied summary judgment for that reason. The record demonstrates that respondent took no steps for almost two years to discover the true facts and, consequently, the contention that certain matters are exclusively within the knowledge of appellant will no longer serve to defeat a motion for summary judgment *(Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 5-6). This determination, however, does not resolve all issues. In our view, partial summary judgment pursuant to CPLR 3212 (subd [e]) should be granted on the issue of application of the payments. A careful examination of the agreements submitted on the motion by appellant reveals that appellant could allocate payments made by Star Plaza and respondents offered no contrary evidentiary proof. The appellant, therefore, is entitled to partial summary judgment on the first and second causes of action on the issue of the application of payments. We must reject, however, appellant's contention that it is entitled to summary judgment with respect to the promissory note dated December 3, 1974. A perusal of the answer to appellant's first set of written interrogatories demonstrates that respondent Ermides stated that the total payment made to appellant between August 15, 1975 and December, 1975 was $116,000. Appellant, on the other hand, by affidavit of its president, stated the amount to be $38,455.03. This contradiction raised a question of

fact and amounts to a failure on the part of appellant to meet its burden of proof (Walski v Forma, 54 AD2d 776). We now pass to the July 19, 1974 note, which is the subject of the third and fourth causes of action. Admittedly, respondents owe something on this note. The problem is the amount. The complaint alleges that $5,758.92 is the amount unpaid on the note. While respondents allege full payment as an affirmative defense, an affidavit submitted in opposition to the motion for summary judgment states that all money paid the appellant "must apply to the note sued upon in the first and second causes of action." This, in effect, is an admission that no payments were made on the July 19, 1974 note, which is the subject of the third and fourth causes of action. Consequently, appellant is entitled to summary judgment in the sum of $5,728.29 on the third and fourth causes of action. The amount differs from that alleged in the complaint due to an apparent typographical error therein. Order reversed, on the law, and partial summary judgment granted to appellant on the first and second causes of action on the issue of the application of payments, and summary judgment granted to appellant on the third and fourth causes of action, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.