■ GEORGE E. SMITH et al., Individually and as Parents and Natural Guardians for BRADFORD G. SMITH, an Infant, Appellants, v PHILIP L. FERRO et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: On this appeal in this medical malpractice action plaintiffs claim that defendant hospital's motion for summary judgment should not have been granted since they have not yet engaged in any discovery to determine the extent of the hospital's involvement in a prenatal amniocentesis performed at the hospital by defendant, Dr. Philip Ferro. This surgical procedure forms the basis of the malpractice claim. In support of its motion the hospital alleged that the amniocentesis was performed solely by Dr. Ferro who is a physician in private practice not employed by the hospital. Plaintiffs opposed the motion alleging that the facts surrounding the performance of the amniocentesis are within the sole knowledge of the defendants and that plaintiffs cannot dispute the hospital's claim without discovery. This action was commenced in 1979 and had been pending nearly two years before the hospital moved for summary judgment. Plaintiffs' complaint alleges that Mrs. Smith "engaged [Dr. Ferro] as her personal obstetrician and gynecologist". Thus this case falls within the general rule that "where the patient consulted [her] own physician and the primary physician-patient relationship was with a doctor maintaining his own practice, and further, [where the doctor has a] * * * contractual rather than an employee or agent relationship with the hospital * * * liability cannot be imposed on the hospital". (*Kimball v Scors,* 59 AD2d 984.) Plaintiffs' excuses for not engaging in pretrial discovery to determine the hospital's involvement in this case are not persuasive. It may be possible to speculate that nurses or other hospital staff somehow negligently performed their duties and contributed to the negligent performance of the amniocentesis (see *Toth v Community Hosp. at Glen Cove,* 22 NY2d 255, 265), but the fact remains that the plaintiffs did not take any steps for almost two years to discover the true facts. Likewise, nothing was done by plaintiffs to discover if the hospital exerted any control over Dr. Ferro so as to subject it to potential liability for his actions. While CPLR 3212 (subd [f]) gives Special Term the discretion to deny a motion for summary judgment if "facts essential to justify opposition may exist but cannot then be stated", a party "may not claim that 'facts cannot be stated' when its lack of knowledge results from its own voluntary inaction (*Silinsky v State-Wide Ins. Co.,* 30 AD2d 1; see, also, *Payne v Payne,* 34 AD2d 375)." (*Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072, 1073; see *English Wholesale Grocery Co. v Plaza Super of Malta,* 73 AD2d 759; *Tausig & Son v Providence Washington Ins. Co.,* 28 AD2d 279, affd on opn below 21 NY2d 1022.) Special Term did not abuse its discretion by granting summary judg-

ment to the hospital. (Appeal from order of Supreme Court, Onondaga County, Roy, J. — summary judgment.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.