■ EDITH WITTE, Appellant, v INCORPORATED VILLAGE OF PORT WASHINGTON NORTH, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered March 22, 1984, which, upon defendant's motion for summary judgment, dismissed the complaint.

Judgment affirmed, with costs.

Plaintiff seeks to recover damages incurred when she allegedly tripped over a pothole and related debris on a street maintained by defendant, the Incorporated Village of Port Washington North. Defendant asserted in its answer that no prior written notice of the defect had been received, as is required by Village Law § 6-628 and CPLR 9804, and subsequently moved for summary judgment on this ground. Plaintiff argued that no written notice was required because the street defect was caused by negligent repairs previously undertaken by defendant (see, Muszynski v City of Buffalo, 33 AD2d 648, affd 29 NY2d 810; Freeman v County of Nassau, 95 AD2d 363). Although plaintiff did supply some evidence that at some time in the past repair work had been performed in the vicinity of the accident, the record contains absolutely no proof of any negligence or of any connection between prior repairs and the defect which caused the accident.

Nor should Special Term have denied summary judgment to allow further discovery. The lack of written notice was pleaded in defendant's answer served in August 1982. In the ensuing 14 months prior to the instant motion, plaintiff deposed one village official, but made no other attempt to obtain the information she now seeks to obtain from defendant concerning prior repairs. Under the circumstances, plaintiff may not assert her need for additional disclosure as a bar to summary judgment (see, Guarino v Mohawk Containers Co., 59 NY2d 753; Lerner Stores Corp. v Parklane Hosiery Co., 54 AD2d 1072). Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.