■ THOMAS J. MONTELEONE et al., Respondents, v INCORPORATED VILLAGE OF FLORAL PARK, Respondent, and COUNTY OF NASSAU, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant

County of Nassau appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 1, 1985, which, upon the plaintiffs' cross motion for reargument, and the respondent Incorporated Village of Floral Park's motion to modify the prior order dated March 7, 1985, granting the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as it is asserted against it, and holding that the road where the accident occurred was within the village's jurisdiction, vacated the order dated March 7, 1985, and denied the County of Nassau's motion for summary judgment.

Order modified, on the law, by deleting the provisions thereof which vacated so much of the order dated March 7, 1985, as granted the County of Nassau's motion for summary judgment and denied that motion, and substituting therefor a provision adhering to the original determination granting that motion, the complaint insofar as it is asserted against the County of Nassau is dismissed, and the plaintiffs' action as to the remaining defendants is severed. As so modified, order affirmed, with costs to the appellant, payable by the plaintiffs.

The complaint alleges that on March 30, 1984, at about 7:45 P.M., while walking on the sidewalk in the Village of Floral Park, the infant plaintiff was injured when a tree branch, pushed aside by his companion, snapped back and hit his eye.

The defendant County of Nassau moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that it had no duty with respect to the subject premises as such were owned by the Incorporated Village of Floral Park which had sole jurisdiction with respect thereto. By order dated March 7, 1985, the motion was granted and Special Term determined that the street was within the village's jurisdiction, whose responsibility it was to maintain the area. The defendant village moved to modify the order to delete that portion which stated that the street was the village's responsibility, because that issue had not been before Special Term. The plaintiffs cross-moved to reargue on the ground that summary judgment was premature since no full discovery proceedings had yet been conducted so as to provide sufficient evidence to refute the defendant county's allegations. By order dated May 1, 1985, the original order, dated March 7, 1985, was vacated without prejudice to a renewal of the motion for summary judgment after completion of the examinations before trial.

Denial of summary judgment to the defendant County of Nassau was error. The defendant county, in support of its

position, provided the affidavit of a Deputy Commissioner of Road Maintenance of its Department of Public Works and Engineering which disavowed any ownership, control or affirmative acts by the county in relation to the subject area. In opposition, the plaintiffs merely submitted an affirmation by their attorney. The failure to present proof in evidentiary form substantiating their claim justified the granting of summary judgment in favor of the defendant county (see, Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338). We find no merit to the plaintiffs' argument that summary judgment should have been denied pending discovery (see, CPLR 3212 [f]). There was no showing that the plaintiffs had made any attempt to discover facts at variance with the defendant county's claims. Therefore, the need for additional discovery may not be asserted as a bar to summary judgment (see, Guarino v Mohawk Containers Co., 59 NY2d 753; Lerner Stores Corp. v Parklane Hosiery Co., 54 NY2d 1072; Witte v Incorporated Vil. of Port Washington N., 114 AD2d 359).

However, vacatur of so much of the order dated March 7, 1985, as provided that "Adams Street is within the jurisdiction of the Incorporated Village of Floral Park and it is the Village's responsibility to maintain the street, curb area and sidewalk" was proper. Such an issue was not properly before Special Term on the defendant county's motion for summary judgment and should not have been determined on the papers submitted. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.