■ DAWN M. FORD et al., Respondents, v HENRY BURNS, Respondent, and BROOKDALE HOSPITAL MEDICAL CENTER, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant Brookdale Hospital Medical Center appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated June 6, 1986, which denied its motion for summary judgment dismissing the complaint and any cross claims against it.

Ordered that the order is reversed, on the law, with costs to the appellant payable by the plaintiffs, the motion is granted, the complaint and any cross claims are dismissed insofar as they are asserted against the appellant, and the plaintiffs' action against the remaining defendant is severed.

The plaintiffs commenced an action in 1983 against the defendant, Dr. Henry Burns, alleging, *inter alia,* that Burns negligently performed surgery on the infant plaintiff's finger at the defendant Brookdale Hospital Medical Center (hereinafter Brookdale) in 1973. The complaint further alleged that Brookdale was "vicariously liable" for Burns' negligent performance of the surgery. In seeking summary judgment dismissing the complaint and any cross claims, Brookdale argued that Burns was merely affiliated with it and, therefore, it could not be held vicariously liable for his acts. We agree.

In reviewing the facts in the light most favorable to the plaintiffs, it appears that the infant plaintiff was taken to Brookdale's emergency room in June 1973 after she fell upon glass. She was treated and then released. The infant's aunt,

who had accompanied her to the hospital, was given a piece of paper with Burns' name on it and told that the infant should see the doctor the following day. However, the infant's mother, plaintiff Barbara Ford waited several months before bringing the infant to Burns' private office, at which time Burns recommended surgery. The surgery which is the basis of this suit was performed in December 1973.

We find that the mere referral by Brookdale does not impose liability upon it *(see, Graddy v New York Med. Coll.,* 19 AD2d 426, *motion to dismiss appeal denied* 13 NY2d 1175). The record clearly indicates that the plaintiffs chose Burns as their private physician. Although Burns was affiliated with Brookdale, he was not an employee or agent of the hospital, nor is there any indication that he had a proprietary interest in Brookdale. Burns' affiliation alone is not sufficient to impute his alleged negligence to Brookdale *(see, Ruane v Niagara Falls Mem. Med. Center,* 60 NY2d 908, 909). Accordingly, Brookdale's motion for summary judgment dismissing the complaint and any cross claims insofar as they are asserted against it should have been granted.

We have considered the plaintiffs' other contentions and find that they do not warrant denial of Brookdale's summary judgment motion *(see, Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359; *Smith v Ferro,* 86 AD2d 752). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.