◼ MYRNA RYAN, as Administratrix of the Estate of EDWARD RYAN, Deceased, Appellant, v TOWN OF CORTLANDT,

Respondent.—In an action to recover damages for wrongful death, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Walsh, J.), entered August 28, 1986, which, upon defendant's motion for summary judgment, dismissed the complaint, and (2) a judgment of the same court, entered September 2, 1986, which also dismissed the complaint.

Ordered that the appeal from the judgment entered August 28, 1986, is dismissed, as that judgment was superseded by the judgment entered September 2, 1986, and it is further,

Ordered that the judgment entered September 2, 1986, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant's motion for summary judgment dismissing the complaint on the ground that no prior written notice of the street defect which allegedly caused the decedent's bicycle accident had been received, as is required by Local Laws, 1981, No. 1 of the Town of Cortlandt, was properly granted for reasons stated by Justice Walsh in an order entered July 24, 1986 (see, Witte v Incorporated Vil. of Port Washington N., 114 AD2d 359). We reject the plaintiff's contention, asserted on appeal, that the defendant's reply papers were not timely served and, as a result, she was prevented from showing evidentiary facts sufficient to defeat the defendant's motion. It is undisputed that the defendant's reply papers were mailed two days prior to the adjourned return date. CPLR 2214 only requires reply affidavits to be served at least *one* day before the motion is noticed to be heard when the moving papers are served 12 days before the return date and there is a demand for answering papers to be served seven days prior to the return date. Although the additional five-day provision of CPLR 2103 (b) (2) applies to service of the notice of motion by mail, it is inapplicable to service of answering or reply papers (see, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2214.03; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:8; Siegel, 1984 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:9 [1988 Pocket Part]). Consequently, the defendant's reply papers were timely served. We further note that no application was made by the plaintiff for leave to submit a response to the defendant's reply.

Nor should the court have deferred a ruling on the motion for summary judgment pursuant to CPLR 3212 (f) to provide the plaintiff with an opportunity to complete pretrial discov-

ery since the plaintiff never requested such relief *(see, Stephano v News Group Publ.,* 64 NY2d 174, 186, *on remand* 107 AD2d 610; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:33). It was evident from the plaintiff's opposition papers that she was content to rely upon two prior work orders to create a triable issue as to whether the street defect was created by negligent repairs undertaken by the defendant, the relevance of which repairs was conclusively negated by the defendant's reply papers *(see, Stephano v News Group Publ., supra)*. The opposition papers did not suggest that further discovery would produce evidentiary facts sufficient to create a triable issue of fact *(see, Harris v Alcan Aluminum Corp.,* 91 AD2d 830, *affd* 58 NY2d 1036), and the plaintiff made no showing of a reasonable attempt to discover evidentiary facts after receipt, pursuant to a request under the Freedom of Information Act, of all the defendant's daily work orders pertaining to the section of road at issue and covering a period of five years prior to the accident *(see, Witte v Incorporated Vil. of Port Washington N., supra; Twining, Nemia & Hill v Read Mem. Hosp.,* 89 AD2d 432, 434). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.