■ CORA H. DABBS, Respondent, v CITY OF PEEKSVILLE, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Facelle, J.), entered August 31, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The record reveals that the plaintiff allegedly sustained personal injuries after stepping into "a pothole and/or defect" in a roadway controlled and maintained by the City of Peekskill (hereinafter the City) on November 26, 1986. Thereafter, at a hearing conducted pursuant to General Municipal Law § 50-h, the plaintiff reiterated in detail that she fell after stepping in "a hole" in the road. The City subsequently moved for summary judgment dismissing the complaint on the ground that the plaintiff's claim was barred by Code of the City of Peekskill § C 199. That provision, *inter alia,* precludes the maintenance of a negligence action against the City arising from a roadway defect unless written notice of the defect previously has been received by the Commissioner of Public Works and there is a failure to remedy the defect within a reasonable time after notice is received. The motion was supported by an affidavit of the Assistant Director of the

City's Department of Public Works, who averred that he made a thorough search of the Department's complaint files and found no prior written notice of a defect for the area where the plaintiff allegedly fell. The plaintiff opposed the motion with an affirmation of her counsel, who opined that the defect "could have been created by the City and therefore * * * no written notice of defect is required". Counsel also maintained that the motion for summary judgment was premature because further discovery was being conducted by the plaintiff. The Supreme Court denied the City's motion, reasoning that triable issues of fact had been raised as to whether prior written notice of the defect was required and that further discovery was necessary. We reverse and grant the motion.

Since the plaintiff repeatedly alleged that her injuries were caused by the presence of a hole, pothole or defect in the roadway, prior written notice of the defect was a prerequisite to the maintenance of this action (see generally, Ryan v Town of Cortlandt, 134 AD2d 420). The evidence submitted by the City indicating that no notice had been received established its prima facie entitlement to judgment as a matter of law (see generally, Winegrad v New York Univ. Med. Center, 64 NY2d 851). The plaintiff's introduction of an attorney's affirmation merely theorizing that the City might have created the defect, thereby obviating the need for prior notice, was patently inadequate to defeat the motion (see, e.g., Hecht v Vanderbilt Assocs., 141 AD2d 696; Monteleone v Incorporated Vil. of Floral Park, 123 AD2d 312).

Moreover, with respect to the plaintiff's claim that additional discovery was necessary (see, CPLR 3212 [f]), we note that despite having ample time and opportunity to conduct disclosure, the plaintiff neither responded to the City's discovery demands nor served discovery requests of her own. Under these circumstances, the plaintiff's purported need for further discovery was not a bar to summary judgment (see, e.g., Hecht v Vanderbilt Assocs., supra; Eksouzian v Levenson, 139 AD2d 690; Monteleone v Incorporated Vil. of Floral Park, supra; Witte v Incorporated Vil. of Port Washington N., 114 AD2d 359). Sullivan, J. P., Lawrence, Rosenblatt and O'Brien, JJ., concur.