■ STACEY WHITE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [764 NYS2d 90] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 15, 2002, which granted defendants-respondents' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for leave to amend her notice of claim and complaint, unanimously modified, on the law, plaintiff's cross motion granted with respect to the notice of claim filed against defendant City of New York, and otherwise affirmed, without costs.

Plaintiff Stacey White, a New York City police officer, was injured on August 31, 2000 when she tripped and fell on an alleged roadway defect while performing her duties directing traffic outside the Queens Midtown Tunnel. Plaintiff served a

notice of claim on defendants-respondents New York City Transit Authority (NYCTA) and Triborough Bridge and Tunnel Authority (TBTA) which inaccurately described the location of the accident as "at or around 36th Street and Tunnel Approach Street leading to the *Lincoln Tunnel* in the County of New York" (emphasis added). Shortly thereafter, plaintiff testified at a statutory hearing, where she corrected this error, testifying that the accident occurred in the street at 36th Street between First and Second Avenue, near the Queens Midtown Tunnel. Plaintiff ultimately commenced the instant action against defendants-respondents, as well as defendants City of New York and Port Authority of New York and New Jersey, alleging in nearly identical terms that each defendant owned, operated or controlled the roadway where the accident occurred.

NYCTA and TBTA moved for summary judgment dismissal of the complaint on the ground that neither of them owned, controlled nor had a duty to maintain the street where the alleged defect was located. The motions were supported by two affidavits. The first affidavit was by Flander Julien, a civil engineer employed by the NYCTA, which states that Julien "searched for relevant records pertaining to the street/roadway at 36th Street and the Tunnel Approach Street" and that no maintenance, repair or inspection records existed for that location. The Julien affidavit further stated: "The [NYCTA] and the [TBTA] do not own, operate, maintain, repair, or control the street/roadway at this location. Neither Authority has jurisdiction of any roadway or street." The affidavit concludes with the statement "[t]he Lincoln Tunnel is not enumerated in [Public Authorities Law] § 553 (9)," the statute which lists the property owned or controlled by the TBTA.

The second affidavit was by Salvador Rozenberg, Senior Real Estate Manager for the Metropolitan Transportation Authority, who was familiar with the "property boundary lines" of the TBTA. Rozenberg's affidavit similarly states that he searched for records "pertaining to the street/roadway at 36th Street and the Tunnel Approach Street" without success, and that the "[TBTA] does not own, operate, maintain, repair, or control the street/roadway at this location." The Rozenberg affidavit concludes with the statement: "The Lincoln Tunnel is not located at East 36th Street and Tunnel Exit Street * * *."

Plaintiff cross-moved to amend her notices of claim to substitute the words "Queens Midtown" for the word "Lincoln," and to amend her complaint to include an allegation that NYCTA and TBTA "utilized" the public street/location where

the accident occurred. Plaintiff argued that these amendments would not prejudice defendants, and in opposition to defendants-respondents' motion, argued that summary judgment would be premature in the absence of discovery, where crucial facts concerning ownership or control of the roadway lay exclusively within the defendants-respondents' control.

The motion court granted defendants-respondents' motion for summary judgment and denied plaintiff's cross motion to amend without elaboration.

To obtain summary judgment dismissing the complaint in these circumstances, defendants-respondents were obligated to demonstrate as a matter of law that they neither owned nor controlled the property where the accident occurred and therefore owed no duty to plaintiff (*see Grullon v City of New York,* 297 AD2d 261, 263-264 [2002]; *Monteleone v Incorporated Vil. of Floral Park,* 123 AD2d 312, 313-314 [1986]). In this case, the affidavits provided by defendants-respondents state in unequivocal terms that these defendants did not "own, operate, maintain, repair, or control the street/roadway at this location." Although plaintiff argues that "this location" refers to the Lincoln Tunnel, the structure of the affidavits makes it clear that the location referred to is actually "the street/roadway at 36th Street and the Tunnel Approach Street." Thus, as plaintiff's entire argument is premised on the fact that defendants-respondents denied ownership and control of a location *different* from that where the accident occurred, and since that argument is demonstrably incorrect, no triable issue of fact has been raised by plaintiff.

Nor has plaintiff provided any basis, other than speculation, for this Court to conclude that discovery will yield information inconsistent with the affidavits provided by defendants-respondents (*see Figueroa v City of New York,* 227 AD2d 373 [1996]). Accordingly, defendants-respondents' motion for summary judgment was properly granted.

However, we modify solely to grant that portion of the cross motion seeking to amend the notice of claim insofar as asserted against defendant City of New York. Amendment of a notice of claim is permitted when the mistake is made in good faith and said defendant will not be prejudiced thereby (*see* General Municipal Law § 50-e [6]; *D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891 [1994]). We note that unlike the defendants-respondents herein, the City of New York did not oppose plaintiff's cross motion to amend in the Supreme Court. Concur—Tom, J.P., Sullivan, Rosenberger and Gonzalez, JJ.