■ DANIEL L. DOHERTY, Appellant, v COUNTY OF ALBANY et al., Respondents. [807 NYS2d 200]—

Mercure, J.P. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 7, 2004 in Albany County, which partially granted defendants' motion for summary judgment dismissing the complaint.

In 1986, defendants' employees discovered an old storm water system comprised of handmade catch basins and 200 feet of eight-inch diameter clay piping under property located at 181 Niskayuna Road in the Town of Colonie, Albany County. Defendants, desiring to construct their own system under the property, blocked the existing storm water system and diverted the flow of water. In 1989, plaintiff purchased the property without notice of the old storm water system. He first learned of it in 2000, when an engineer involved in a road-improvement project informed him of the pipes beneath the property and of a catch basin overgrown by brush and shrubbery. Plaintiff notified defendants about the existence of the system and was told that the Town of Colonie owned it. After the Town of Colonie denied ownership, plaintiff requested that defendants remove the old system. Defendants refused, giving rise to this action, in which plaintiff asserts that defendants violated a duty to repair, maintain and remove the pipes, that they interfered with his use and enjoyment of the property, and that they trespassed on the property. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that they did not own, design or install the storm water system on plaintiff's property. Supreme Court dismissed the first three causes of action on that basis; the remaining cause of action based on a landscaping agreement has since been resolved. Plaintiff appeals and we now affirm.

The parties do not dispute that plaintiff's claims turn on defendants' ownership, design or installation of the storm water system. In support of their motion for summary judgment, defendants submitted the affidavit of William Anslow, Civil

Engineer of defendant County of Albany, indicating that defendants maintained extensive records regarding storm water drainage systems and that his thorough search of those records revealed nothing reflecting that defendants owned, installed or maintained the system on plaintiff's property. Anslow stated that in the course of various projects, defendants occasionally find old pipes installed by private landowners, that the type of pipe found under plaintiff's property had not been regularly used for 50 years, and that based on the size and type of pipe used in the storm water system, as well as the manner in which it was laid out, the system was probably placed by a private owner. In addition, defendants presented evidence that none of their employees could recall working on the system. In our view, this evidence established prima facie defendants' entitlement to summary judgment (see *White v New York City Tr. Auth.*, 308 AD2d 341, 342-343 [2003]; *Grullon v City of New York*, 297 AD2d 261, 262-263 [2002]; *Monteleone v Incorporated Vil. of Floral Park*, 123 AD2d 312, 314 [1986]).

Thus, the burden shifted to plaintiff to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In this regard, plaintiff submitted an expert affidavit noting that defendants' 1986 map—dated from the time that the system was discovered—depicts the system on plaintiff's property with a notation that it is "to be abandoned"; the system was once connected to defendants' original storm water system and, thus, performed a municipal function; and the system was installed with materials used by municipalities over the years. Plaintiff's expert concluded that defendants' ownership should therefore be inferred. The mere facts, however, that the County noted the system and its determination not to use it on a map, that the system was constructed with materials also used by municipalities and that defendants may have used or benefitted from the system do not connote ownership (see *Grullon v City of New York, supra* at 262-263). Inasmuch as plaintiff failed to submit further proof to substantiate his claims and "reliance upon surmise, conjecture or speculation" will not defeat a motion for summary judgment, Supreme Court properly dismissed plaintiff's first three causes of action here (*id.* at 264; see *Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105, 106 [2002]).

Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.